## MISSOURI PACIFIC RAILROAD COMPANY

v.

## LAKE CHARLES GRAIN AND GROCERY COMPANY, Inc.

## MISSOURI PACIFIC RAILROAD COMPANY

v.

## KELLY, WEBER & COMPANY, Inc.

### Civ. A. Nos. 12600, 12601.

United States District Court,
W. D. Louisiana,
Lake Charles Division.

Jan. 7, 1971.

Kaufman, Anderson, Leithead, Scott & Boudreau, Lake Charles, La., for plaintiff.

Charles S. King, Lake Charles, La., for defendants.

EDWIN F. HUNTER, District Judge.

The sole question is whether a common carrier under the Interstate Commerce Act (49 U.S.C.A. § 1 et seq.) is entitled to recover freight charges, where the carrier issued uniform straight bills of lading, which it marked freight charges as "Prepaid" or "To Be Prepaid," and when in reliance of that representation, the consignee accepted delivery and paid the purchase price and full freight charge to the consignor—who never remitted to the carrier—do these *circumstances require double payment by consignee?* We hold that the carrier made a full and proper charge for the freight and that it extended credit to, and looked for payment from, the consignor (shipper) by stamping the bills of lading as prepaid and defendant consignee is not responsible for shipper's nonpayment.

This precise issue was presented in the strikingly familiar case of Missouri Pacific Railroad Company v. National Milling Company, D.C., 276 F.Supp. 367 (N.J.1967). On September 24, 1968, a joint motion was filed with us requesting a delay in the trial of these cases, pending an appeal in *National Milling.* That motion stated:

"* * * there is now pending on appeal to the United States Court of Appeals, Third Circuit, the case of Missouri Pacific Railroad Company v. National Milling Company, 276 F. Supp. 367 (1967), appeal noted 36 Law Week 2331, which is determinative of the law applicable to this cause and the decision of which would possibly be of assistance to this Honorable Court in deciding this cause, * * *."

We granted the motion, upset the fixings, and awaited rendition of the decision. The Third Circuit affirmed on May 9, 1969 (409 F.2d 882).

We have jurisdiction pursuant to 28 U.S.C.A. § 1337. The facts are stipulated, attached, and made a part of this memorandum. They reveal that the carrier made a full and proper charge for the freight and that it extended credit to, and looked for payment from, the shipper by stamping the bills of lading either "Prepaid" or on the short form, "To Be Prepaid". The facts reveal also that the consignee accepted delivery and made full payment to the shipper (Horse Shoe Mills, Inc.) prior to shipper's bankruptcy.

Recognition is made that there is abundant authority to support plaintiff's position. However, without hesitancy we concur in the approach and the result reached in *National Milling.* We quote and adopt language from the District Court's opinion:

"The issue is not without difficulty. Does statutory construction sustain the plaintiff's claim so as to interdict considerations of common law equity? Our answer is that it does not. For the plaintiff's position is that, while

the law is harsh, nevertheless, it must bring this action whether it wants to or not, because it is compelled by public policy to do so under the Act which forbids the granting of preferences in tariff rate treatment in any guise. We disagree. As was stated in Southern Pacific Company v. Valley Frosted Foods Co., supra, [178 Pa.Super. 217] at page 71 of 116 A.2d:

" 'Any time a litigant appears before this or any other Court with such a proposition, they must be absolutely certain of two things. First, that there is a binding precedent which inhibits the Court from examining the equities of the case, and second, that the overpowering public policy requiring the strict application of the law is actually involved in the case.' "

Nothing is to be gained by further repeating or paraphrasing the language of *National Mills*. To me, the principles there enunciated, rooted deeply in considerations of fairness, clearly represent the better view of the law. Accordingly, in each case judgment will be entered for defendant.